UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:93-CR-123-03-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JOHN LEE BOYD, JR., | ) | |
| Defendant. | ) | |

The defendant, John Lee Boyd, Jr., once again is before the court, this time with a "Motion to Supplement Nunc Pro Tunc Objections to Presentence Investigation Report" [DE-101] in which a continues to seek relief from his conviction and sentence in 1994. Such relief from the fact or duration of a federal conviction and sentence is available, if at all, through a proceeding pursuant to 28 U.S.C. § 2255. However, Boyd first prosecuted such a motion in 1997, which resulted in a correction of his Presentence Report but no change in his sentence. *See* [DE-38, -39]. Boyd has filed similar motions and appeals in this and the Fourth Circuit Court of Appeals for over a decade.

The instant motion alleges, *inter alia*, that Boyd has discovered evidence[1] that demonstrates the Government withheld exculpatory evidence concerning drug weight attributable to him. Specifically, he contends that 38 minutes prior to his own sentencing hearing, the case agent testified at co-defendant Felton's sentencing hearing to the effect that Boyd was not responsible for any amount of an 18-kilogram quantity of cocaine base. That testimony was presented to the undersigned, who presided over both Felton's and Boyd's

---

[1] Boyd explains that he received the evidence pursuant to a Freedom of Information Act (FOIA) request he filed in November 2010 – sixteen years following his conviction.

sentencing hearings within an hour of each other on April 11, 1994. Boyd now wishes to add his objection to the Presentence Report's drug quantity calculation's inclusion of that 18 kilograms of cocaine base. He contends he can show just cause for failing to raise the issue until now because the Government withheld the agent's testimony.

The relief Boyd seeks is not available from this court, regardless of the title he gives to his motion. In order that he may seek authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion, this action is DISMISSED. The court finds no ground for a certificate of appealability, and such certificate is DENIED.

SO ORDERED.

This, the 24th day of January, 2011.

JAMES C. FOX
Senior United States District Judge